CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

June 17, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TONY BRYAN SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:25-cv-00675 |
| | ) | |
| v. | ) | **<u>MEMORANDUM OPINION</u>** |
| | ) | |
| WARDEN DAVID ANDERSON, | ) | By:  Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendant. | ) | |

Plaintiff Tony Bryan Smith, who is proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against Defendant David Anderson, the warden at Red Onion State Prison where Plaintiff is incarcerated. (*See* Compl. [ECF No. 1].) In short, Plaintiff alleges that Warden Anderson "is applying punishment to [him] and the entire living area for the actions of one individual and violating the Eighth and Fourteenth Amendment rights of [him] and the other inmates of housing area B6." (*Id.* at 1.) He claims Warden Anderson "has taken [his] music played, television and inperson [*sic*] and video visitation" and "turned off the electricity in the cell," despite the fact that Plaintiff did not commit any offense. (*Id.*) Pending before the court are two motions for preliminary injunctions filed by Plaintiff. (ECF Nos. 2, 7.) For the following reasons, the motions will be denied.

Federal Rule of Civil Procedure 65 permits district courts to issue temporary restraining orders ("TRO") and preliminary injunctions. Such remedies are "extraordinary and drastic" and are "never . . . awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008) (internal quotation marks omitted). To obtain a preliminary injunction or TRO, Plaintiff must clearly show that: (1) he is "likely to succeed on the merits" of his claims; (2) he is "likely to suffer irreparable harm absent preliminary relief"; (3) "the balance of the equities favors relief"; and

(4) "the relief is in the public interest." *Leaders of a Beautiful Struggle v. Baltimore Police Dep't*, 2 F.4th 330, 339 (4th Cir. 2021) (citing *In re Search Warrant Issued June 13, 2019*, 942 F.3d 159, 170–71 (4th Cir. 2019)). "[E]*ach* of these four factors must be satisfied to obtain preliminary injunctive relief." *Henderson for Nat'l Lab. Rels. Bd. v. Bluefield Hosp. Co., LLC*, 902 F.3d 432, 439 (4th Cir. 2018) (emphasis in original). And in the context of state-prison administration, "intrusive and far-reaching federal judicial intervention in the details of prison management is justifiable only where state officials have been afforded the opportunity to correct constitutional infirmities and have abdicated their responsibility to do so." *Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994); *see also Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980) ("[T]he decisions made by prison administrators in their informed discretion have been accorded wide-ranging deference by the federal courts.") (internal quotations omitted).

In his motions, Smith "seeks the return of [his] . . . music tablet, televisions and visitation privileges[,] at least until after this court can make a determination of the facts." (*See* ECF Nos. 2, 7.) But Plaintiff has not made a clear showing that he is likely to succeed on the merits of his Eighth Amendment claims. And Plaintiff has proffered no facts to show that he is likely to suffer irreparable harm absent preliminary injunctive relief, that the balance of equities favors an injunction, or that injunctive relief is in the public interest. Accordingly, he has not shown that he is entitled to a preliminary injunction against Defendant, and his motions seeking such relief will be denied.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 17th day of June, 2026.

/s/ Thomas T. Cullen
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE